IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHALENE MILBRY, | : |
| *Plaintiff*, | : Case No. 1:24-cv-547 |
| vs. | : Judge Jeffery P. Hopkins |
| JP MORGAN CHASE BANK, | : |
| *Defendant*. | : |

**OPINION & ORDER**

Plaintiff Michalene Milbry ("Plaintiff" or "Milbry"), a former employee of Defendant JP Morgan Chase Bank ("Defendant" or "JP Morgan"), advances two claims for relief in the present lawsuit: sexual discrimination and retaliation. Compl., Doc. 3. JP Morgan seeks partial judgment on the pleadings as to Milbry's sexual discrimination claim arguing her claim is time-barred. Doc. 9. In response, Milbry seeks leave to amend her complaint. Doc. 12. For the reasons below, Milbry's Motion for Leave to File an Amended Complaint (Doc. 12) is **GRANTED**. JP Morgan's Motion for Partial Judgment on the Pleadings (Doc. 9) is **DENIED AS MOOT**.

  **I. BACKGROUND**

Milbry's tenure with JP Morgan began in December 2016 when she was hired as an Assistant Branch Manager at JP Morgan's 8044 Montgomery Road, Cincinnati, Ohio location. Compl., Doc. 3, ¶ 6. It would seem based on the allegations in her Complaint that Milbry's experience at JP Morgan was positive until another employee, Erik Paul Hoffman, started harassing Milbry in September 2021. Hoffman began making suggestive comments,

complimenting Milbry's appearance, sending sexually suggestive texts, and offering Milbry unsolicited drawings of her in various poses and outfits, including lingerie. *Id.* ¶¶ 7, 8.

Though Hoffman's offensive conduct continued through the remainder of Milbry's employment, *id.* ¶ 7, Milbry first reported the harassment to her branch manager around January or February 2022. *Id.* ¶ 9. She was told to ignore the harassment. *Id.* When no action was taken, Milbry escalated her complaints to the district manager on or about May 3, 2022. *Id.* ¶ 10. And then, two days later, Milbry had a frightening encounter with Hoffman, where he entered her office, slammed the door, called her a "bitch," and blocked her only exit. *Id.* ¶ 11. Milbry advised management of the incident and left work early. *Id.* She remained off work May 6 through May 9. *Id.* JP Morgan moved Milbry to a different branch location on May 10, and then placed her on administrative leave on May 11. *Id.* ¶¶ 12, 13. Milbry did not return to work after that and was officially advised of her termination on June 22, 2022. *Id.* ¶ 14.

On May 7, 2024, Milbry filed a charge of discrimination with the Ohio civil rights commission and received her notice of right to sue on August 19, 2024. *Id.* ¶¶ 15, 16. Milbry filed her Complaint with the Hamilton County Court of Common Pleas on August 20, 2024. Doc. 1-2, PageID 9. JP Morgan subsequently removed the case to this Court. JP Morgan now seeks partial judgment on the pleadings, *see* Doc. 9, on the basis that Milbry failed to exhaust her administrative remedies and because her claim is time barred. Doc. 9. Milbry opposes that motion and seeks to amend her complaint. Doc. 12. Both motions are ripe for review.

II. **LAW & ANALYSIS**

The Court will turn first to Milbry's request to amend her complaint. Milbry requests leave to amend her complaint to clarify when Hoffman engaged in harassing behavior in response to JP Morgan's assertion that her claim is time-barred.

2

### A. Good cause exists under Rule 16(b).

Because the deadline to amend has passed, the Court must first consider whether Milbry has established good cause under Rule 16(b) to modify the case schedule. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). In doing so, the Court should assess "the moving party's diligence in attempting to meet the [case schedule]" as well as "possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). Though she has sought leave to amend the complaint beyond the deadline prescribed in the Scheduling Order, *see* Doc. 8, good cause exists to amend the case schedule. Milbry represents that she seeks leave to amend "[t]o eliminate any possible misunderstanding as to the dates of the last incidents of harassment." Doc. 12, PageID 63. This is in direct response to the arguments made in JP Morgan's Motion for Partial Judgment on the Pleadings—a motion that was filed after the deadline to amend had passed. Further, based on the circumstances, any prejudice to JP Morgan would be minimal because Milbry only seeks to bolster the factual allegations relative to her existing sexual harassment claim and at the time she filed her motion, the parties were in the early stages of discovery. Having found good cause exists, the Court will turn to whether leave is appropriate under Rule 15(a).

### B. Amendment is proper under Rule 15(a)(2).

Rule 15(a)(2) embodies "a liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). A party, like Milbry, may generally amend her pleading once as a matter of course. But in all other cases, she may amend only with JP Morgan's consent or the Court's leave. Fed. R. Civ.

P. 15(a). Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires," but it is within this Court's discretion to deny leave to amend where there is evidence of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Despite assertions to the contrary, there is no evidence of undue delay, bad faith, or undue prejudice, nor any evidence of repeated failures to cure deficiencies or futility. As indicated above, Milbry seeks to clarify the dates of Hoffman's harassment in order to bolster her existing allegation that "Hoffman's offensive sexual conduct toward [her] continued through the remainder of [her] employment with [JP Morgan]." Compl., Doc. 3, ¶ 7. This seems reasonable given that the crux of JP Morgan's argument for judgment on the pleadings is that Milbry filed her charge with the Ohio civil rights commission two days late. Doc. 9, PageID 44. Milbry does not seek to add claims or parties, nor does she wish to substantially modify the factual allegations. Instead, she asks to make this addition:

> While Plaintiff was on administrative leave and prior to being advised of her termination, Hoffman continued to harass Plaintiff via text messages, with the last harassing text messages being sent to Plaintiff on May 18, 2022.

Proposed Am. Compl., Doc. 12-1, ¶ 15.[1] Though this could be viewed as an additional instance of harassment, Milbry has alleged several instances of harassment and this would only add to her previous allegation that the harassment continued throughout her employment. This does not support a finding of undue delay, bad faith, or dilatory motive.

Further, as stated above, there is minimal, if any, prejudice. Prejudice may, for example, result if the amendment would require JP Morgan "to expend significant additional

---

[1] The only other modification that the Court has identified is a change to the jurisdictional statement, which is immaterial to this dispute and only seeks to clarify that the case has been removed to this Court. *See* Proposed Am. Compl., Doc. 12-1, ¶ 5.

resources to conduct discovery" or would "significantly delay resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Because the proposed amendment is closely tied to the existing allegations and would not unfairly or fundamentally alter the nature of this case, and because this case remains in its early stages, there is no identifiable prejudice. And lastly, there is no allegation that Milbry has failed to cure deficiencies nor that amendment would be futile. Thus, amendment is proper under Rule 15(a)(2).

### III.  CONCLUSION

For these reasons, Milbry's Motion for Leave to File an Amended Complaint (Doc. 12) is **GRANTED**. Because the Proposed Amended Complaint will supersede the original Complaint, JP Morgan's Motion for Partial Judgment on the Pleadings (Doc. 9) is **DENIED AS MOOT**. *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020). Milbry is **DIRECTED** to file her Amended Complaint (Doc. 12-1) within 7 days of this Order.

**IT IS SO ORDERED.**

August 11, 2025

                                              Jeffery P. Hopkins
                                              United States District Judge